United States District Court
Southern District of Texas

**ENTERED**

February 23, 2016

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **NOEMI HERNANDEZ SEGURA,** | § | |
| **ET AL.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. B: 13-205** |
| | § | |
| **JEH JOHNSON, SECRETARY** | § | |
| **OF HOMELAND SECURITY, ET AL.,** | § | |
| **Defendants.** | § | |

<u>**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**</u>

On May 14, 2015, Defendants Jeh Johnson, Secretary of U.S. Homeland Security; Alejandro Mayorkas, Director of U.S. Citizenship and Immigration Services ("USCIS"); Mario Ortiz, District Director USCIS; Kathy A. Baran, Service Center Director USCIS; Mark J. Hazada, Service Center Director USCIS; Ron Rosenberg, Acting Chief of the Administrative Appeals Office; Loretta Lynch, U.S. Attorney General[1] (collectively "Defendants" or "Government") filed a motion for summary judgment. Plaintiffs Noemi Segura de Hernandez ("Noemi") and Rocio Noehmi Hernandez Segura ("Rocio") (collectively "Hernandezes" or "Plaintiffs") filed a response. Dkt. No. 53.[2]

The sole remaining issue in the case is whether the Court should order, via mandamus, Defendants to process a lost visa application. Dkt. No. 27.

After reviewing the record and the relevant case law, the Court recommends that the

---

[1] At the time that the complaint was filed, Eric Holder was the Attorney General. Dkt. No. 1. Pursuant to FED. R. CIV. 25(D), Loretta Lynch is automatically substituted as the proper party.

[2] In between the filing of the motion for summary judgment and Plaintiffs filing a response to the motion for summary judgment, Plaintiffs filed a motion to amend the complaint. Dkt. No. 45. That motion was denied. Dkt. Nos. 49, 51. Plaintiff's response to the motion for summary judgment was delayed during the Court's resolution of the motion to amend.

motion for summary judgment be granted.  The parties agree that no visa application ever existed. Dkt. Nos. 32-2 & 53, p. 3.  The Court cannot order Defendants – via mandamus, or any other means – to process a visa application that the parties agree never existed.

## I. Background

### A. Factual Background

Rocio Noehmi Hernandez Segura ("Rocio") is the daughter of Noemi Segura de Hernandez ("Noemi").  Rocio was born in Mexico in 1980; Noemi is an American citizen by birth.   Dkt. No. 11, p. 3. Rocio's father is a Mexican citizen. Id.

In 1981 – when Rocio was less than two years old – the family came to the United States and Rocio's parents applied for a border crossing card for Rocio. Dkt. No. 11, p. 3. In 1987, Noemi filed an unspecified immigration-related petition for her husband and daughter. Id.  In 1989, Rocio's father "made numerous inquiries regarding the petition." Id, p. 4.  The complaint does not set forth how the inquiries were resolved or what, if any, further action was taken in pursuing the petition.

In 2002, a new petition was filed on Rocio's behalf, but it did not seek to "recapture the 1987 priority date." Dkt. No. 11, p. 4.  The type of petition and the relief sought by that petition are not set forth in the complaint.

Then, in 2009, another unspecified petition was submitted on Rocio's behalf. Id. Given the failure to identify the type of petition, it is unclear what relief was sought.  What is clear is that, according to the complaint, the petition sought a 1987 priority date. Dkt. No. 11, p. 4.  The 2009 petition was rejected "several times" because Rocio's "priority date was not current and . . . the incorrect fee was submitted." Id.  The complaint alleges that, at an unspecified time, "[t]he correct fee was submitted and applying the 1987 priority date gave her a current priority date." Id.  As a general rule, the earlier the priority date the sooner the applicant would be eligible to receive a visa.  According to the complaint and U.S. State Department documents,  if the petition was afforded a priority date of 1987, and Rocio met

2

the other requirements, she would have been eligible to receive a visa in 2009.[3] Dkt. No. 11; U.S. Department of State, Bureau of Consular Affairs, Visa bulletin No. 4, Vol. IX.  In the absence of a retroactive priority date, Rocio's eligibility for a visa would not have arisen until some later date.

On November 12, 2009, Rocio filed a Freedom of Information Act ("FOIA") request, with an unspecified agency, regarding her immigration history. Dkt. No. 11, p. 4.  According to the complaint, Rocio was informed that all immigration records were maintained at the National Visa Center ("NVC") and that the NVC "had no record" of Rocio. Id.

In January 2011, Rocio filed a second FOIA request; according to the complaint, this request was filed with USCIS. Dkt. No. 11, p. 4.  The complaint alleges that in April 2011, USCIS responded to the FOIA request with a 33-page response that detailed the "numerous rejections" of her immigration petitions. Id.  Despite this lengthy list of denied petitions, the complaint represents that the FOIA response stated that Rocio "has been a Lawful Permanent Resident (LPR) since the date of her entry as an infant in 1981." Id.

In 2011, acting in accordance with her apparent belief that she is an LPR, Rocio filed a USCIS Form I-90, "Application to Replace Permanent Resident Card." Dkt. No. 11, p. 4. Rocio asserted that she should be issued a replacement card because her "authorized card was never received." Dkt. No. 21-1.

On November 9, 2011, USCIS rejected her Form I-90 application for a replacement card. Dkt. No. 21-1.  The rejection stated that Rocio was never issued a permanent resident card, so she was ineligible to receive a replacement one. Id.  The letter further stated that Rocio's "original visa packet has been determined to be lost." Id.  Rocio was instructed to make an appointment at the local USCIS district office and to bring:  a copy of the rejection letter; proof of identity; her birth certificate; and, two passport photos to the appointment. Id. The letter stated that the USCIS office would "complete the lost visa packet" at the

---

[3] On August 15, 2015, USCIS issued an approval notice, assigning a 1987 priority date to Rocio. Dkt. No. 45-1, p. 5. This decision would appear to make Rocio immediately eligible for a visa.

appointment. Id.

When Rocio appeared for her appointment, she was informed by an employee at the USCIS Harlingen office that she should file an N-600 application, which is an "Application for Certificate of Citizenship." Id, p. 5. The N-600 is "intended to be used by someone filing on his own behalf who is claiming to already be a citizen." Robertson-Dewar v. Holder, 646 F.3d 226, 227 (5th Cir. 2011). It appears that the USCIS agent believed that Rocio was a U.S. citizen at birth. Contrary to this instruction, counsel for Rocio maintains that Rocio "does not qualify for N-600 citizenship under any law applicable to her case."[4] Id. According to the Hernandezes, the USCIS Harlingen office "refused to process the lost visa packet." Id.

**B. Procedural History**

On October 30, 2013, Rocio and Noemi Hernandez filed their complaint against the Defendants. Dkt. No. 1. On January 28, 2014, the Plaintiffs filed an amended complaint. Dkt. No. 11.[5] In the amended complaint, the Hernandezes explicitly state that they seek relief, in the form of mandamus, under the APA. Id, p. 1. The complaint lays out the factual narrative of Rocio's immigration-related petitions, as set out previously in this report and recommendation. Id, pp. 3-6.

The complaint does not identify the specific claims that entitle Plaintiffs to relief.

---

[4] The Court notes that Rocio would have automatically acquired citizenship at birth if Nohemi had been physically present in the United States for a period of at least ten years prior to Rocio's birth, at least five of which were after Nohemi's fourteenth birthday. 8 U.S.C. § 1401(a)(7) (1952). No evidence as to where Nohemi lived during the relevant years is contained in the record. Moreover, the complaint expressly concedes that Rocio "does not qualify for . . . citizenship under any law applicable to her case." Dkt. No. 11, p. 5.

[5] The original and amended complaints included claims by other plaintiffs, whose claims did not relate to the claims made by Noemi and Rocio. On November 20, 2014, the Court issued a report and recommendation that the other plaintiffs were not properly joined and recommending that the claims made by the other plaintiffs be dismissed without prejudice to re-filing. Dkt. No. 17. On February 23, 2015, the District Judge adopted the report and recommendation in full. Dkt. No. 19.

Instead, Plaintiffs generally allege violations of the APA.  Working backwards, from the relief requested through the facts, reveals the following claims: (1) USCIS violated the APA by not properly adjudicating Rocio's Form I-90 application; (2) USCIS is unlawfully refusing to accept and consider Rocio's notice of appeal; and (3) that USCIS is unreasonably delaying agency action by refusing to process Rocio's lost visa packet.

The complaint then lists three separate requests for mandamus relief.  The Court summarizes those requests as follows: (1) that USCIS be ordered to "properly adjudicate Rocio's I-90;" (2) that USCIS be ordered to accept Rocio's EOIR Form 29 Notice of Appeal; and (3) that the USCIS Harlingen Office be ordered to process Rocio's "lost visa packet." Dkt. No. 11, p. 10.

On March 3, 2014, Defendants timely filed a motion to dismiss the claims – made by the Hernandez plaintiffs – pursuant to FED. R. CIV. P. 12(b)(1) & 12(b)(6). Dkt. No. 12.

On April 1, 2015, the undersigned issued a report and recommendation, which recommended that the motion to dismiss be granted as to the first and second issues – i.e. that USCIS failed to properly adjudicate the Form I-90 application and failed to consider the notice of appeal. Dkt. No. 23.  It was recommended that the motion to dismiss be denied as to the third issue – the failure to process Rocio's lost visa packet. Id.  On April 30, 2015, the District Judge adopted the report and recommendation in full. Dkt. No.27.  Thus, only the issue of the lost visa packet remained.

On May 14, 2015, Defendants filed a motion for summary judgment pursuant to FED. R. CIV. P. 56. Dkt. No. 32.  In the motion, Defendants assert that there is no lost visa packet to process "and USCIS's statement that Hernandez's visa packet had been lost was made in error." Id.

As part of the motion for summary judgment, Defendants submitted a sworn declaration made by Sarah E. Gutierrez, the Section Chief of the USCIS Nebraska Service Center. Dkt. No. 32-2.  Gutierrez stated that "USCIS has no evidence of any lost visa packet pertaining to Plaintiff Hernandez and there is nothing pending before USCIS related to

Plaintiff Hernandez to be processed." Id.

On May 18, 2015, the Court issued an order, affording Plaintiffs an extension of time to respond to the motion for summary judgment, and allowing limited discovery to be conducted. Dkt. No. 38.

On February 2, 2016, Plaintiffs timely filed their response to the motion for summary judgment. Dkt. No. 53. In their response, Plaintiffs concede that the "Government's current statements that the [previous statement about the] lost [visa packet] were made in error are correct." Id. Instead, the Plaintiffs argue that Government records indicate that Rocio is a legal permanent resident and has been since she entered the United States in 1981. Id, pp. 3-4.[6]

## II. Applicable Law

### A. Summary Judgment

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A material fact is one that might influence the outcome of the suit. Bazan v. Hidalgo Cnty., 246 F.3d 481, 489 (5th Cir. 2001). A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." Id. Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

The Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752. Factual controversies are resolved in favor

---

[6] The Court notes that the claim that Rocio is a legal permanent resident was dismissed as part of the motion to dismiss. Dkt. No. 23, pp. 11-14; Dkt. No. 27. It was again raised in the motion to amend the complaint and was denied as futile. Dkt. Nos. 45, 49, 51. Absent some change in the facts or the law – neither of which have been proffered by Plaintiffs – the Court sees no reason for addressing this issue a third time or to otherwise revisit its earlier conclusions.

of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." <u>Murungi v. Xavier Univ. of La.</u>, 313 Fed. App'x 686, 688 (5th Cir. 2008) (unpubl.) (citing <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994)). "[I]n the absence of proof," the court cannot "assume that the nonmoving party could or would prove the necessary facts." <u>Little</u>, 37 F. 3d at 1075. Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." <u>Chacon v. Copeland</u>, 577 Fed. App'x 355, 360 (5th Cir. 2014) (unpubl.) (quoting <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000)) (internal quotations omitted).

### B. Administrative Procedures Act & Mandamus

The Administrative Procedures Act provides for judicial review of agency actions. 5 U.S.C. § 706(1). The Court shall "compel agency action unlawfully withheld or unreasonably delayed." <u>Id</u>. The definition of "agency action" explicitly includes "failure to act." 5 U.S.C. § 551(13). The APA also requires that "[w]ith due regard to the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

"[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency has failed to take a <u>discrete</u> agency action that it is <u>required to take</u>." <u>Norton v. S. Utah Wilderness Alliance</u>, 542 U.S. 55, 64 (2004) (emphasis original). This statutory provision "empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act." <u>Id</u> (internal quotations omitted).

"Mandamus may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant [has] a clear duty to act, and (3) no other adequate remedy exists." <u>Randall D. Wolcott, M.D., P.A. v. Sebelius</u>, 635 F.3d 757, 768 (5th Cir. 2011).

## III. Analysis

The analysis of the sole remaining issue in this case is straight forward. Given that

there is no lost visa packet to process, the Court cannot force Defendants – via mandamus – to process the non-existent visa packet.

Defendants have asserted – and have submitted evidence supporting the conclusion – that the USCIS's statements to Plaintiffs, indicating the existence of a "lost" visa package, were erroneous. Dkt. No. 32. Given this evidence, Plaintiffs now concede that there never was a visa application and that Defendants were "correct" in stating that there was no lost visa packet. Dkt. No. 53, p. 3.

At the risk of stating the obvious, the Court cannot compel Defendants to take action to process an application that does not exist. See Akinmulero v. Holder, 347 F. App'x 58, 60 (5th Cir. 2009) (noting that the Court cannot mandamus the Government to process an application that had already been adjudicated); Tecle v. Dep't of Homeland Sec., No. A-13-CA-877-§, 2014 WL 652307, at *3 (W.D. Tex. Feb. 19, 2014) (unpubl.) (same).

Given the non-existence of the visa packet, none of the necessary elements for mandamus are present. First, Plaintiffs have no entitlement to the relief she seeks. Second, in the absence of a visa package to process, Defendants have no duty to act. Third, given the recent concession of a 1987 priority date and Plaintiff's ability to submit a visa package in support of her request, no claim can be made that there is no other adequate remedy. Wolcott, 635 F.3d at 768. In short, rather than establishing all of the criteria to support the relief she seeks, Plaintiffs have failed to meet any of them. Thus, Plaintiffs are not entitled to relief and Defendants do not have a clear duty to process applications that were never filed.

There is no genuine issue of material fact as to this claim. The motion for summary judgment should be granted and the case should be terminated.

## IV. Recommendation

It is recommended that the Defendants' motion for summary judgment be granted. Dkt. No. 32.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

   DONE at Brownsville, Texas, on February 23, 2016.

                                   _____
                                   Ronald G. Morgan
                                   United States Magistrate Judge